UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD ERLING, on behalf of himself and others similarly situated,

    Plaintiff,

v.                              Case No: 2:17-cv-350-FtM-29MRM

AMERICAN GRILLE WITH SUSHI LLC, a Florida profit corporation and CHRIS K. WHITAKER, individually,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of plaintiff's Motion to Dismiss Counterclaim for Lack of Subject-Matter Jurisdiction (Doc. #15) filed on September 20, 2017, and defendants' Motion to Dismiss Amended Complaint (Doc. #21) filed on October 2, 2017. Defendants filed a Response to Plaintiff's Motion (Doc. #22) and plaintiff filed a Memorandum of Law in Opposition to Defendants' Motion (Doc. #23).

**1. Amended Complaint**

As a preliminary matter, plaintiff's Amended Complaint (Doc. #19) filed on September 21, 2017, is a shotgun pleading. "The most common type — by a long shot — is a complaint containing

multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015). The Court has a *sua sponte* obligation to identify and dismiss a shotgun pleading. See Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases); Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."). In this case, plaintiff realleges and reincorporates all allegations in paragraphs 1 through 26 into paragraph 27, and also reincorporates and readopts all allegations in paragraphs 1 through 38 into paragraph 39 thereby including irrelevant allegations unrelated to the claim in Count II. The Amended Complaint will be dismissed without prejudice to filing a second amended complaint.

2. **Motion to Dismiss Count II of Amended Complaint**

In defendants' motion, defendants seek to dismiss Count II for failure to state a cause of action. Count Two alleges retaliation under the Fair Labor Standards Act (FLSA) because defendants filed a Counterclaim in response to the Complaint more than 3 months after plaintiff left his employment. Plaintiff alleges that he believes that it was filed with a retaliatory

motive and because it lacks a reasonable basis in fact or law. Plaintiff does not allege that the retaliation was related to his discharge from employment or for discriminatory reasons under 29 U.S.C. § 215(a)(3), however the Court will leave this issue for another time since the Amended Complaint is due to be amended. See Kentish v. Madahcom, Inc., 566 F. Supp. 2d 1343, 1349 (M.D. Fla. 2008) (noting that if "the Court determines Defendant's Counterclaim is merely a sham pleading, the Court may impose sanctions against Defendant and its attorney"); Phillips v. M.I. Quality Lawn Maint., Inc., No. 10-20698-CIV, 2011 WL 13100468, at *4 (S.D. Fla. Mar. 30, 2011) (concluding that the filing of the state court lawsuit by Defendants was protected by Florida's litigation privilege), aff'd, 537 F. App'x 908 (11th Cir. 2013).

**3. Motion to Dismiss Counterclaims**

Pursuant to Fed. R. Civ. P. 13(a), defendants allege two Counterclaims as compulsory counterclaims.  That is, defendants allege that the counterclaims arise out of the same transaction or occurrence as plaintiff's claims.  Defendants allege a state law claim for conversion because plaintiff often came into the restaurant and stole liquor and other alcoholic beverages for his personal use, and a claim for return of money lent to plaintiff by defendant Chris K. Witaker in May 2017, in the amount of $350.

The parties are not diverse in their citizenship, and no federal question is presented by the counterclaims. 28 U.S.C. §§ 1331, 1332. Therefore, any jurisdictional basis over the counterclaims would necessarily be supplemental jurisdiction under 28 U.S.C. § 1367. Yeseren v. Cksingh Corp., No. 2:10-CV-253-FTM-29, 2010 WL 4023524, at *3 (M.D. Fla. Oct. 13, 2010). For the Court to exercise supplemental jurisdiction over the counterclaims, they must be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction". 28 U.S.C. § 1367(c)(2).

Courts are generally reluctant to allow employers to assert state-law counterclaims against employees in FLSA cases. Pioch v. IBEX Eng'g Servs., Inc., 825 F.3d 1264, 1273-74 (11th Cir. 2016). "The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-

4

employee relationships would be antithetical to the purpose of the Act." Brennan v. Heard, 491 F.2d 1, 4 (5th Cir. 1974)[1].

Although the counterclaims may arise from around the same time period of plaintiff's employment, application of the "logical relationship" test[2] leads to the conclusion that the counterclaims do not have the same operative facts as plaintiff's claim under the FLSA.  The theft of alcohol for personal use would not offset recovery of wages by plaintiff, and the personal loan to plaintiff around the time of his termination has no bearing on whether plaintiff was to be paid overtime wages.  The motion to dismiss the counterclaims will be granted.

Accordingly, it is hereby

**ORDERED:**

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] "Under this test, there is a logical relationship when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." Republic Health Corp. v. Lifemark Hosps. of Florida, Inc., 755 F.2d 1453, 1455 (11th Cir. 1985) (citation omitted).

1. Plaintiff's Amended Complaint (Doc. #19) is dismissed without prejudice to filing a Second Amended Complaint within **SEVEN (7) DAYS** of this Order.

2. Defendants' Motion to Dismiss Amended Complaint (Doc. #21) is **DENIED** as moot.

3. Plaintiff's Motion to Dismiss Counterclaim for Lack of Subject-Matter Jurisdiction (Doc. #15) is **GRANTED** and the Counterclaims (Doc. #12) are dismissed without prejudice. The Clerk shall terminate all counterclaimants in the case.

**DONE AND ORDERED** at Fort Myers, Florida, this   28th   day of December 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record