UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**TODD ERLING, on behalf of himself and
Others similarly situated,**

      **Plaintiff,**

vs.                                                   Case No. 2:17-cv-350-JES-MRM

**AMERICAN GRILLE WITH SUSHI LLC, a
Florida Profit Corporation, and CHRIS
K. WHITAKER, Individually,**

      **Defendants.**
_____/

## MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

      COME NOW the Defendants, CHRIS K. WHITAKER and AMERICAN GRILLE WITH SUSHI LLC, and move to dismiss the Second Amended Complaint for failure to state a claim as follows:

      1.     On December 28, 2017 this Court dismissed Plaintiff's Amended Complaint. (Doc. 27).

      2.     In their retaliation claim in the Amended Complaint, Plaintiff argued that Defendants retaliated against Plaintiff by filing counterclaims against the Plaintiff in this action. (Doc. 19).

      3.     In its Order, the Court dismissed the Complaint for other reasons but pointed out that the Counterclaims were filed at a time when the Plaintiff was not employed by Defendants. (Doc. 29, pg. 2).

      4.     In the current Second Amended Complaint the Plaintiff has again set out a retaliation claim and again has based it on Defendants' filing of counterclaims against Plaintiff.

5.      In paragraph 25 of the Second Amended Complaint the Plaintiff acknowledges his last date of employment with Defendants on May 22, 2017, which was prior to the filing of Defendants' counterclaims. (Doc. 29, pg. 4).

6.      Because Plaintiff was not an employee with Defendants when the counterclaims were paid, the filing of the counterclaims cannot be a violation of 29 U.S.C. §215(a)(3), therefore Plaintiff has failed to state a claim upon which relief can be granted.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### Standard of Review

When reviewing a motion to dismiss, a Court must look to the four corners of the complaint at issue, accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus,* 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). *Bilotta v. Citizens Info. Assocs., LLC*, No. 8:13-CV-2811-T-30, 2014 WL 105177, at *1 (M.D. Fla. Jan. 10, 2014). While a "heightened fact pleading of specifics" is not required to be pled in a complaint, there must exist in the subject complaint "enough facts to state a claim to relief that is plausible on its face". *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Where such facts in a complaint do not satisfy the plausibility standard, Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. *Bilotta*, at *1. In the present case, Plaintiff has brought a claim for

retaliation pursuant to 29 U.S.C. §215(a)(3) and claims Defendants retaliated against Plaintiff by filing counterclaims in the current lawsuit several months after Plaintiff's employment was terminated. Such facts do not support Plaintiff's retaliation claim as Plaintiff was not an employee at the time of the purported retaliation and it is proper for this Court to dismiss Count III of the Second Amended Complaint.

29 U.S.C. §215(a)(3) prohibits an *employer* from discriminating against an *employee* "because such *employee* has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, . . . ." 29 U.S.C.A. § 215 (a)(3). Such provision requires a person to be an employee when an "adverse employment action" is taken by the employer. *D'Amato v. Five Star Reporting, Inc.*, 80 F. Supp. 3d 395 (E.D.N.Y. 2015). Such "adverse employment action" upon which a retaliation claim may be brought "must affect the terms, privileges, duration, or conditions of the plaintiff's employment." *Id*. In the present case, it is clear from the Second Amended Complaint that Plaintiff was not an employee of the Defendants at the time the counterclaims were filed. As such, the filing counterclaims was not an "adverse employment action" as it did not "affect the terms, privileges, duration, or conditions of" Plaintiff's employment.

**WHEREFORE**, Defendants request that this Court dismiss Plaintiff's Second Amended Complaint for failure by Plaintiff to state a claim in Count II of the Second Amended Complaint for which relief can be granted, and to award such other relief deemed just and equitable by the Court.

ALOIA, ROLAND, LUBELL & MORGAN, PLLC
Attorneys for Defendants
2254 1st Street
Fort Myers, FL 33901
Telephone:  239.791.7950
Facsimile:   239.791.7951
jmorgan@floridalegalrights.com
lclement@floridalegalrights.com
dosnac@floridalegalrightscom

By:   /s/ Jack C. Morgan III
     Jack C. Morgan III, Esquire
     Florida Bar No. 0126527

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of January 2017, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system.

By:   /s/ Jack C. Morgan III
     Jack C. Morgan III, Esquire
     Florida Bar No. 0126527