```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TODD ERLING, on behalf of
himself and others similarly
situated,

    Plaintiff,

v.                                Case No: 2:17-cv-350-FtM-29MRM

AMERICAN GRILLE WITH SUSHI
LLC, a Florida profit
corporation and CHRIS K.
WHITAKER, individually,

    Defendants.

_____

## **OPINION AND ORDER**

    This matter comes before the Court on review of defendant's Motion to Dismiss Second Amended Complaint (Doc. #29) filed on January 23, 2018. Plaintiff filed a Memorandum of Law in Opposition (Doc. #30) on February 6, 2018.

    On December 28, 2017, the Court issued an Opinion and Order (Doc. #27) dismissing the Amended Complaint as a shotgun pleading without prejudice to filing a second amended complaint, leaving the issues raised in the motion to dismiss regarding the retaliation claim for another time, and granting the motion to dismiss defendants' counterclaims. Plaintiff filed a Second Amended Complaint (Doc. #28) on January 5, 2018, and defendants are again seeking dismissal of the retaliation claim because

plaintiff was not an employee as of May 22, 2017, a date prior to the filing of the counterclaims, and therefore the counterclaims could not be a basis for retaliation. Plaintiff argues that the highlighted factual allegations in the Second Amended Complaint support the claim.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," <u>Mamani v. Berzain</u>, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

In Count III, plaintiff alleges that he was hired on or about April 4, 2017, to work as a cook at $15.00 an hour, and thereafter at a weekly salary of $700 per week. (Doc. #28, ¶ 33.) On or about May 8, 2017, Manager Chris Whitaker spoke to plaintiff about opening the restaurants for lunch in addition to dinner, but plaintiff responded "that he had the cheapest chef in the world and he would need more money to work additional hours as he was already being less than minimum wage." (<u>Id.</u>, ¶¶ 6, 35.) On or about May 22, 2017, plaintiff was terminated for complaining about his wages. (<u>Id.</u>, ¶ 36.) On June 2, 2017, plaintiff's counsel

sent a demand letter for unpaid wages, and subsequently filed suit on June 22, 2017.  (Id., ¶ 30.)  On September 6, 2017, more than three months after plaintiff left his employment, defendants filed a Counterclaim against plaintiff alleging conversion and money lent.  (Id., ¶ 31.)  "Plaintiff believes that his complaints about his wages and the counterclaim filed with a retaliatory motive and lacks a reasonable basis in fact or law."  (Id., ¶ 32.)  Plaintiff alleges that defendants retaliated for filing the lawsuit in violation of 29 U.S.C. § 215(a)(3).  (Id., ¶ 34.)

It is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."  29 U.S.C. § 215(a)(3).  To state a claim for retaliation under the Fair Labor Standards Act (FLSA), plaintiff must show that he engaged in protected activity, *subsequently* suffered adverse action by the employer, and a causal connection existed between the activity and the adverse action.  Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342 (11th Cir. 2000).  "The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action."  Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007).

The allegation that plaintiff told Whitaker that he would require additional pay because "he was already being less than minimum wage", followed by his termination within the same month would be sufficient to support the retaliation claim as there is at least a temporal proximity. Any retaliation claim based on the counterclaims is clearly subject to dismissal. The adverse employment action in response to the "statutorily protected activity" had already occurred, and the counterclaims – which have since been dismissed – were not filed until months after the complaint was filed with the Court. As currently presented, plaintiff is relying on the filing of the counterclaims and therefore Count III must be dismissed.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Second Amended Complaint (Doc. #29) is **GRANTED**. The motion is granted to the extent that the retaliation claim is based on the filing of counterclaims, and Count III is dismissed for failure to state a claim.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of February, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

4