UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD ERLING, on behalf of himself and
others similarly situated,

    Plaintiff,

v.                                  Case No:   2:17-cv-350-FtM-29MRM

AMERICAN GRILLE WITH SUSHI LLC
and CHRIS K. WHITAKER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the Joint Motion to Approve Settlement and Request for the Court to Retain Jurisdiction for an Award of Attorney's Fees and Costs (Doc. 47) and Settlement Agreement (Doc. 47-2), both of which were filed on June 4, 2018. Plaintiff and Defendants jointly request that the Court approve the parties' settlement of their Fair Labor Standards Act ("FLSA") issues. (Doc. 47 at 3).

### I.    Legal Standards

To approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees. *Id*. at 1353. The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages. *Id*. When employees file suit, the proposed settlement must be presented to the

District Court for its review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit:

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

Below, the Undersigned applies these standards to evaluate the proposed settlement in this case.

## II.     Discussion

### A.     Settlement Sum

Here, Plaintiff alleges that Defendants failed to compensate him properly. (Doc. 28 at 5-8). Defendants deny liability. (Doc. 36). Although the parties did little to describe their disagreement in their Joint Motion, the Undersigned finds that a *bona fide* dispute indeed exists between the parties because this case has been the subject of extensive litigation.

Even though a *bona fide* dispute exists between the parties, the parties decided to settle this matter. (Doc. 47 at 1-3). Specifically, "Defendants agreed to pay and Plaintiff agreed to accept $2,000.00 to resolve this wage and hour claim and the Parties agreed for the Court to retain jurisdiction for an award of attorney's fees and costs." (*Id.* at 1). The parties believe that their settlement is a fair and reasonable compromise of the disputed claim. (*Id.* at 2).

The Undersigned has reviewed the Settlement Agreement (Doc. 47-2). Although the parties provided little justification in their Joint Motion that the amount is reasonable, the Court nevertheless finds that the terms of the Settlement Agreement are reasonable as to the amount for unpaid overtime wages, unpaid minimum wages, and liquidated damages.

In coming to this conclusion, the Undersigned notes that Plaintiff, in his separate Motion for an Award of Attorney's Fees and Costs, states that he originally sought $700.00 in connection with his FLSA claims. (Doc. 43 at 1). The settlement amount is almost three times greater than what Plaintiff initially sought. (Doc. 47 at 1). Under the FLSA, any employer found to have violated the wage provisions of FLSA is liable for not only unpaid wages but also liquidated damages in an additional amount equal to the amount of unpaid wages. 29 U.S.C. § 216(b). Here, because the settlement amount is almost three times greater than what Plaintiff initially sought, the settlement sum should account for both unpaid wages and liquidated damages. Accordingly, even though the parties provided only minimal support, the Undersigned nevertheless finds that the settlement amount is fair.

### B. Attorney's Fees

As a final matter, the Joint Motion and Settlement Agreement both indicate that the issue of attorney's fees has not yet been resolved. (Doc. 47 at 3; Doc. 47-2 at 1).

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the

lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

In the present case, the Undersigned finds that the amount of attorney's fees has not compromised the amount paid to Plaintiff because the issue of attorney's fees has not yet been resolved. Indeed, there is a separate pending Motion filed by Plaintiff. (Doc. 43).

At this time, the issue of attorney's fees has not been referred to the Undersigned for a Report and Recommendation. Thus, the Undersigned will not address the issue here. Instead, the Undersigned recommends that if this Report and Recommendation is adopted, then the Court retain jurisdiction of this action for the sole purpose of addressing the outstanding issue of attorney's fees and costs.

## CONCLUSION

Based upon the foregoing, the Undersigned recommends that the Settlement Agreement (Doc. 47-2) be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the FLSA issues but that the Court retain jurisdiction of this action for the sole purpose of addressing the outstanding issue of attorney's fees and costs.

Accordingly, the Undersigned hereby **RESPECTFULLY RECOMMENDS**:

1) That the Joint Motion to Approve Settlement and Request for the Court to Retain Jurisdiction for an Award of Attorney's Fees and Costs (Doc. 47) be **GRANTED**.

2) That the Settlement Agreement and Release (Doc. 47-2) be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the parties' FLSA issues.

3) That if the District Court adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice and close the file but that the Court retain jurisdiction of this action for the sole purpose of addressing the outstanding issue of attorney's fees and costs.

4) That Plaintiff be required to reimburse the Court for the costs and fees in this case. (*See* Doc. 7 at 2).

Respectfully recommended in Chambers in Fort Myers, Florida on June 18, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties