UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD ERLING, on behalf of
himself and others similarly
situated,

    Plaintiff,

v.                               Case No: 2:17-cv-350-FtM-29MRM

AMERICAN GRILLE WITH SUSHI
LLC, a Florida profit
corporation and CHRIS K.
WHITAKER, individually,

    Defendants.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #52), filed June 18, 2018, recommending that the Joint Motion to Approve Settlement and Request for the Court to Retain Jurisdiction for an Award of Attorney's Fees and Costs (Doc. #47) be granted, the settlement be approved, and the case be dismissed with the Court retaining jurisdiction to address the attorney's fees and costs issue. No objections have been filed and the time to do so has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific

objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

In the Affidavit of Todd Erling (Doc. #53-1) filed in support of a reply on the issue of attorney's fees, plaintiff, *unrepresented,* asked defendant for $700.00 in wages before retaining counsel.  Plaintiff's counsel has since relied on this amount as the "original demand" amount, and argued that he obtained a result at mediation in the amount of $2,000, which is almost three times the initial demand.  (Doc. #43, pp. 2, 10.)

On June 22, 2017, through counsel, plaintiff initiated the original Complaint (Doc. #1) estimating overtime wages in the amount of $5,062.50.  (Doc. #1, ¶ 31.)  The Amended Complaint (Doc. #19, ¶ 31) demanded this same amount.  In the sworn responses to the Court's Interrogatories to Plaintiff (Doc. #24-1), plaintiff asserted that his salary was $700, and he was paid a total of $4,800.  After subtracting the amount paid, plaintiff claimed $5,062.50 in wages and overtime compensation remained

owing.  This was the amount also demanded of Chris K. Whitaker by letter demand from counsel attached to the responses.

In the Joint Motion to Approve Settlement (Doc. #47), the parties seek approval of the attached settlement but provide no argument or detail as to why the settlement is reasonable and should be approved.  The Memorandum of Mediated Settlement (Doc. #47-1, Exh. A) and Settlement Agreement (Doc. #47-2, Exh. B) only provide that the parties have agreed that plaintiff should be paid $2,000 as the full settlement for all claims, that objections to the Report and Recommendation are waived, and that plaintiff's counsel should receive reasonable attorney's fees and costs because plaintiff is the prevailing party.

In the Report and Recommendation, the Magistrate Judge noted that "the parties provided little justification in their Joint Motion that the amount is reasonable", but concluded that the settlement was reasonable because "Plaintiff, in his separate Motion for an Award of Attorney's Fees and Costs, states that he originally sought $700.00 in connection with his FLSA claims. (Doc. 43 at 1). The settlement amount is almost three times greater than what Plaintiff initially sought. (Doc. 47 at 1)."  (Doc. #52, p. 3.)  This would indeed be the case, and the amount would indeed account for liquidated damages, <u>id.</u> (noting that the settlement sum "should account for both unpaid wages and liquidated damages"), if $700 was the amount actually demanded in litigation.  The higher

demand in the pleadings and in sworn responses cannot be reconciled with the ultimate settlement amount based on the current record.

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court finds that it must reject the recommendation, and deny the motion as presented.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #52) is hereby **rejected**.

2. The parties' Joint Motion to Approve Settlement and Request for the Court to Retain Jurisdiction for an Award of Attorney's Fees and Costs (Doc. #47) is **DENIED.**

3. Plaintiff's Motion for an Award of Attorney's Fees and Costs (Doc. #43) is **DENIED** as moot.

4. The parties may file an amended motion supported with additional information to address the larger demand amount within **FOURTEEN (14) DAYS** of this Opinion and Order. If no motion is filed, the case will proceed under the current Case Management and Scheduling Order (Doc. #40) as scheduled.

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of July, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Mac R. McCoy
United States Magistrate Judge

Counsel of Record
Unrepresented parties