UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD ERLING, on behalf of himself and
Others similarly situated,

      Plaintiff,

vs.                                          Case No. 2:17-cv-350-JES-MRM

AMERICAN GRILLE WITH SUSHI LLC, a
Florida Profit Corporation, and CHRIS
K. WHITAKER, Individually,

      Defendants.
_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW the Defendants, AMERICAN GRILLE WITH SUSHI LLC ("American") and CHRIS K. WHITAKER ("Whitaker"), and move this Court for summary judgment as follows:

1. On or about January 5, 2018 Plaintiff filed his Second Amended Complaint in this matter wherein he has asserted the Defendants violated the Fair Labor Standards Act (FLSA) by failing to pay Plaintiff a minimum wage in contradiction to 29 U.S.C. §206, and failing to pay Plaintiff overtime wages in contradiction to 29 U.S.C. §207. (DE 28).

2. Defendants move for summary judgment herein as Plaintiff was an exempt employee pursuant to Section 13(a)(1) of the FLSA.

3. On December 20, 2017 defense counsel deposed Plaintiff.

4. When asked his responsibilities while employed by Defendants, Plaintiff explained as follows (DE 62, by page and line of deposition transcript):

    a. Mr. Erling testified he was a chef. (Pg. 7, l. 8).

    b. Mr. Erling was paid a salary of $700.00 per week. (Pg. 33, l. 7 – 8).

    c. Mr. Erling was responsible for creating and establishing a menu for the restaurant. (Pg. 17, l. 20, 24).

    d. Mr. Erling was responsible for interviewing and hiring kitchen personnel to work for the restaurant. (Pg. 18, l. 24 – Pg. 19, l. 21).

    e. Mr. Erling was responsible for training and supervising the kitchen staff, which included, at a minimum, two full-time employees (Pg. 19, l. 22; pg. 22, l. 15; pg. 25, l. 16-22; pg. 26, l. 13 – 23; pg. 30, l. 8 - 18).

    f. Mr. Erling was responsible for ordering the food and supplies necessary to run the kitchen. (Pg. 20, l. 6 – 24).

    g. Mr. Erling was responsible for taking inventory of the food and supplies for the kitchen. (Pg. 21, l. 15 – Pg. 22, l. 5).

    h. Mr. Erling was responsible for managing food costs for the restaurant. (Pg. 21, l. 15 – Pg. 22, l. 5).

    i. Mr. Erling was responsible for distributing the work responsibilities among the kitchen staff. (Pg. 23, l. 2 – 8).

5. According to the Plaintiff's own testimony, he was responsible for the above duties, and as such, he was an exempt administrative employee pursuant to Section 13(a)(1) of the FLSA.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Section 13(a)(1) of the FLSA, as defined by 29 CFR Part 541, sets forth an exemption for administrative employees. In order for an employee to be considered an administrative

employee, the following factors must be met: (1) the employee must receive compensation at a rate of more than $455 per week; (2) the employee's primary responsibility must be the management of the enterprise or a particular department of the enterprise; (3) the employee must direct or supervise the work of at least two full-time employees; (4) the employee must be able to hire and fire employees, or such employee's opinions regarding the hiring and firing of employees must be given particular weight. In accordance with Section 13(a)(1) of the FLSA, if an employee meets these requirements, they are exempt from the minimum wage and overtime wage requirements.

In the present case, the Plaintiff meets all of the requirements of Section 13(a)(1) and was therefore exempt from the minimum wage and overtime wage requirements of the FLSA. Plaintiff was a chef who was responsible for running and managing the kitchen, which is a customarily recognized department of a restaurant. He interviewed, hired, trained and supervised more than two full time employees in the kitchen. He was paid more than $455 per week. He disbursed the work to kitchen staff based on the training he provided to each one. He was responsible for creating the menu for the restaurant and for managing food costs and the inventory for the restaurant. Defendants deny Plaintiff was not properly paid under the FLSA, however, that aside, by his own admission, Plaintiff was responsible for all of the duties herein, and therefore was an exempt administrative employee.

WHEREFORE, Defendants respectfully requests that this Court grant summary judgment in their favor and against Plaintiff, and grant such other relief deemed just and equitable by this Court.

ALOIA, ROLAND, LUBELL & MORGAN, PLLC
Attorneys for Defendants
2254 1st Street
Fort Myers, FL 33901

Telephone: 239.791.7950
Facsimile: 239.791.7951
jmorgan@floridalegalrights.com
lclement@floridalegalrights.com
kmazzella@floridalegalrightscom

By: /s/ Jack C. Morgan III
Jack C. Morgan III, Esquire
Florida Bar No. 0126527

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of December 2018, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system.

By: /s/ Jack C. Morgan III
Jack C. Morgan III, Esquire
Florida Bar No. 0126527