UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD ERLING, on behalf of
himself and others similarly
situated,

     Plaintiff,

v.                   Case No:  2:17-cv-350-FtM-29MRM

AMERICAN GRILLE WITH SUSHI
LLC, a Florida profit
corporation and CHRIS K.
WHITAKER, individually,

     Defendants.

_____

### OPINION AND ORDER

This matter comes before the Court on the defendants' Motion for Summary Judgment (Doc. #63) filed on December 18, 2018. Plaintiff filed a Reply to Defendant's Motion for Summary Judgment (Doc. #65) on December 26, 2018. For the reasons set forth below, the motion is denied.

### I.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to

find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010).  A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party.  Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010).  However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999)(quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")).  "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces

a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

## II.

Defendants argue that summary judgment is warranted because plaintiff was an exempt employee pursuant to Section 13(a)(1) of the Fair Labor Standards Act (FLSA).  Plaintiff responds that defendants have waived this issue by failing to raise it as an affirmative defense, and in any event, a genuine issue of fact exists as to the primary duties performed by plaintiff.

Under the FLSA, minimum wage provisions do not apply to "any employee employed in a bona fide executive, administrative, or professional capacity. . . ." 29 U.S.C. § 213(a).  An employee working in a bona fide administrative capacity is defined as one who is:

> (1) Compensated on a salary or fee basis pursuant to § 541.600 at a rate per week of not less than the 40th percentile of weekly earnings of full-time nonhourly workers in the lowest-wage Census Region. . .[1];
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to

---

[1] Before December 1, 2016, subsection (a)(1) stated: "Compensated on a salary or fee basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities." 29 C.F.R. § 541.200.

the management or general business operations
of the employer or the employer's customers;
and

(3) Whose primary duty includes the exercise
of discretion and independent judgment with
respect to matters of significance.

29 C.F.R. § 541.200(a).[2]  See also 29 C.F.R. § 541.201(a) ("The
phrase "directly related to the management or general business
operations" refers to the type of work performed by the
employee."); 29 C.F.R. § 541.202(b) ("The phrase 'discretion and
independent judgment' must be applied in the light of all the facts
involved in the particular employment situation in which the
question arises.").

The "primary duty" "means the principal, main, major or most
important duty that the employee performs. Determination of an
employee's primary duty must be based on all the facts in a
particular case, with the major emphasis on the character of the
employee's job as a whole."  29 C.F.R. § 541.700(a).  "An employee
will generally satisfy the primary duty requirement if he spends

---

[2] For an employee employed as a bona fide executive capacity,
the requirements are compensation on a salary basis, with a primary
duty of management of the enterprise, who "customarily and
regularly directs the work of two or more other employees", and
with "the authority to hire or fire other employees or whose
suggestions and recommendations as to the hiring, firing,
advancement, promotion or any other change of status of other
employees are given particular weight."  29 C.F.R. § 541.100(a).

more than half of his time performing exempt tasks. [ ]
Nevertheless, employees who do not spend more than 50 percent of
their time performing exempt duties may meet the primary duty
requirement if the other factors support such a conclusion."
Watkins v. City of Montgomery, 919 F. Supp. 2d 1254, 1260 (M.D.
Ala. 2013) (citing 29 C.F.R. § 541.700(b)).

## A. Waiver of Exempt Employee Issue

Plaintiff argues that summary judgment is precluded because
defendant has failed to properly raise the exempt employee issue
in the pleadings. Plaintiff argues that the defense was not raised
as an affirmative defense in response to plaintiff's Second Amended
Complaint (Doc. #28), and is therefore deemed waived.

Under Rule 8(c), "a party must affirmatively state any
avoidance or affirmative defense," in the first responsive
pleading. Fed. R. Civ. P. 8(c).

> The purpose of Rule 8(c) is simply to
> guarantee that the opposing party has notice
> of any additional issue that may be raised at
> trial so that he or she is prepared to properly
> litigate it. [ ] When a plaintiff has notice
> that an affirmative defense will be raised at
> trial, the defendant's failure to comply with
> Rule 8(c) does not cause the plaintiff any
> prejudice. And, when the failure to raise an
> affirmative defense does not prejudice the
> plaintiff, it is not error for the trial court
> to hear evidence on the issue. [ ]

Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988) (internal citations omitted).

In this case, the plaintiff's status as an exempt or non-exempt employee was raised at least implicitly in the Second Amended Complaint.  Plaintiff asserted he, and others who may become parties, were non-exempt employees in similar positions. (Doc. #28, ¶20.)  Defendants denied this allegation in their first responsive pleading.  (Doc. #36, ¶ 20.)  This is sufficient to satisfy the notice requirement, and allows defendant to raise the issue in a summary judgment motion.

### B.  Exempt or Non-Exempt Employee

Defendants assert that the undisputed facts at plaintiff's deposition establish that he was an exempt employee, and therefore summary judgment should be granted.  Defendants rely on the following facts:  Plaintiff was a chef[3] that was paid a salary of $700 per week and was responsible for the following:

1. Creating and establishing a menu for the restaurant;

2. Interviewing and hiring kitchen staff;

3. Training and Supervising the kitchen staff, which included at least 2 full-time employees;

---

[3] Plaintiff's job entailed cooking, prepping, and set up. (Doc. #24-1, ¶ 4.)

4. Ordering food and supplies for the kitchen;

5. Taking inventory of the food and supplies for the kitchen;

6. Managing food costs for the restaurant; and

7. Distributing work responsibilities among the kitchen staff.

(Doc. #63, pp. 1-2.)   While these facts support defendants' position, they are not the totality of the evidence.

The same deposition established that Plaintiff and the other chef would prepare a list of items that would be needed for the next day, and then plaintiff would place the orders for fresh food at the end of the night for delivery early the next morning.  (Doc. #62-1, pp. 23-24.)   Plaintiff would arrive first thing in the morning, and then the other chef would come in at 2:00 in the afternoon.   Plaintiff would start the stocks for the Ramen noodle dishes, then they would work on short ribs.   The salad station prep and the sauces were done by others while plaintiff would cut the steaks and fresh seafood for the evening.  (Id., pp. 24-25.) Later, plaintiff would take supply orders, liquor orders.  (Id., p. 27.)   When the second chef came in at 2:00 pm, they would do a walk through the kitchen to check the prep work, and the rest of the crew would arrive at 3:00 pm.   Plaintiff would leave for an hour or two to pick up supplies for the night and come back for the remainder of the evening through around 10:00 pm.   The other

chef would shut down the kitchen.  (Id., p. 28.)  Plaintiff testified that Chris K. Whitaker constantly brought in new people that the chefs never even interviewed.  (Doc. #62-1, p. 28.)

These facts support a finding that chef work was the majority of the duties performed by plaintiff.  The facts preclude a finding that plaintiff's "primary duty" was management or the performance of work directly related to management.  Since a genuine issue of fact exists, summary judgment is precluded.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Summary Judgment (Doc. #63) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___8th___ day of January, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record