UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD ERLING, on behalf of himself and
others similarly situated,

    Plaintiff,

v.                                       Case No.:   2:17-cv-350-FtM-29MRM

AMERICAN GRILLE WITH SUSHI LLC
and CHRIS K. WHITAKER,

    Defendants.
_____/

## AMENDED REPORT AND RECOMMENDATION[1]

The parties filed a Revised Joint Motion for Approval of FLSA Settlement and to Dismiss the Case with Prejudice. (Doc. 71). For the reasons that follow, the Undersigned respectfully recommends that the Motion be **DENIED**.

### PROCEDURAL BACKGROUND RELATING TO SETTLEMENT

A review of the tortured procedural history relating to the proposed settlement of this case is instructive.

A Mediator's Report was filed on May 15, 2018, indicating that the entire action was resolved at mediation. (Doc. 42). In light of that representation, the Undersigned ordered the parties to file additional information regarding the settlement. (Doc. 44). The parties thereafter filed a joint motion seeking court approval of their proposed settlement (*see* Doc. 47) and

---

[1] This Amended Report and Recommendation amends the Report and Recommendation entered on July 1, 2019 (Doc. 74), which was inadvertently mis-captioned as an "Order" and inadvertently did not contain a notice to the parties concerning objections.

Plaintiff's counsel filed a separate motion seeking an award of attorney's fees and costs (Doc. 43).

On June 18, 2018, the Undersigned entered a Report and Recommendation recommending that the presiding District Judge approve the proposed settlement and dismiss the case while retaining jurisdiction for the sole purpose of addressing the outstanding issue of attorney's fees and costs. (Doc. 52).

On July 11, 2018, the presiding District Judge entered an order rejecting the Undersigned's Report and Recommendation, denying the parties' motion for court approval of the proposed settlement, and denying as moot Plaintiff's counsel's motion for an award of attorney's fees and costs. (*See* Doc. 54 at 4). The presiding District Judge was unable to reconcile the amounts demanded in the Plaintiff's pleadings and answers to court interrogatories (*see id.* at 2-3 (citing Doc. 1 at ¶ 31, Doc. 19 at ¶ 31, and Doc. 24-1)) with the lesser amount to be paid to Plaintiff pursuant to the settlement (*see* Doc. 54 at 3-5) without an adequate explanation from the parties. The District Judge found that the settlement should be rejected because "[t]he higher demand in the pleadings and in sworn responses cannot be reconciled with the ultimate settlement amount based on the current record." (*Id.* at 3-4). The District Judge nevertheless afforded the parties an opportunity to file an amended motion "supported with additional information to address the larger demand." (*Id.* at 5).

In response to the District Judge's Order, Plaintiff unilaterally filed a renewed motion seeking court approval of the proposed settlement. (Doc. 55). Defendants opposed the motion and requested that the case proceed. (Doc. 56). The District Judge again rejected the settlement, finding that: (1) there was no meeting of the minds regarding the settlement at that time; and (2)

2

Plaintiff had again failed to explain the discrepancy between his original demand in this case and the proposed settlement amount.  (Doc. 57).

In response to the District Judge's second rejection of the proposed settlement, Plaintiff unilaterally sought rehearing and again requested court approval of the settlement.  (Doc. 58).  Plaintiff submitted an unsigned affidavit in support of this latest request in which he attempted to explain his decision to accept the proposed settlement amount of $2,000 to resolve his claim.  (Doc. 59).  Defendants opposed rehearing, opposed approval of the settlement, and requested that the case proceed.  (Doc. 60).  The District Judge denied rehearing and declined to approve the new settlement because Plaintiff's motion "provide[d] no new information that was not already before the Court, and continue[d] to fail to explain why the pleadings in the case do not reflect a lower demand."  (Doc. 61 at 2).

The Defendants then proceeded to file a motion for summary judgment, (Doc. 63), which the presiding District Judge ultimately denied, (Doc. 67).

Weeks before the final pretrial conference was scheduled to occur, the parties jointly filed the motion *sub judice* in which they ask the Court to:  (1) approve their latest settlement agreement attached to the motion as Exhibit A (Doc. 71 at ECF pp. 6-11) in its entirety; (2) retain jurisdiction to enforce the terms of the settlement agreement; (3) terminate all deadlines before the Court regarding this matter; (4) dismiss this case with prejudice; and (5) grant such further relief as the Court deems just and appropriate.  (Doc. 71 at 4).  For the reasons set forth below, the Undersigned is unable to recommend approval of the latest iteration of the parties' proposed settlement.

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

## ANALYSIS

The Undersigned finds that the proposed settlement in this case cannot be approved as fair and reasonable for four reasons: (1) the parties have again failed to explain the discrepancy between Plaintiff's monetary demands in the pleadings and in answers to court interrogatories

4

versus the much lower proposed settlement amount; (2) the parties fail to explain what portion of the proposed settlement amount, if any, is allocated to unpaid wages or liquidated damages; (3) the parties fail to explain why mutual general releases are fair and reasonable; and (4) albeit an easily curable defect, the parties fail to explain why the Court should retain jurisdiction indefinitely (or for any period of time) to enforce the settlement.

### A.     The Parties Once Again Failed to Reconcile Plaintiff's Earlier Demand with the Ultimate Settlement Amount.

Despite repeated instruction from the presiding District Judge in this case that a settlement would not be approved without an explanation from the parties that would allow the Court to reconcile the higher monetary demands in the pleadings and in Plaintiff's sworn answers to court interrogatories with the ultimate settlement amount (*see* Doc. 54 at 3-4; Doc. 57 at 2; Doc. 61 at 2), the parties have once again failed to provide an adequate explanation of that issue.  Instead, it appears that the parties are completely ignoring the presiding District Judge's prior rulings on that point.

The parties plainly acknowledge in the motion *sub judice* that "[i]n his answers to Court Interrogatories and in his Amended Complaint, Erling estimates he is owed $5,062.50 in overtime wages."  (Doc. 71 at 1).  The parties also acknowledge that "[i]n support of Plaintiff's Motion for Award of Attorney Fees, Plaintiff filed an affidavit (Doc. #53-1) suggesting he made a demand for overtime wages in the amount of $700 which was inconsistent with the demand in his Amended Complaint of $5,062.50, and as a result, this Court denied the Parties' Joint Motion to Approve Settlement.  (Doc. #54)."  (Doc. 71 at 2).  These procedural acknowledgements do not answer the ultimate question that the District Judge has repeatedly asked.  Nowhere in the motion or the settlement agreement do the parties attempt to reconcile the Plaintiff's stated demand of $5,062.50 with the lower proposed settlement payment to Plaintiff of $2,000.00.  (*See*

Doc. 71). Instead the parties make only general assertions that "Plaintiff's award of $2,000.00 . . . was the result of negotiations between the parties of disputed claims and defenses positions." (*Id.* at 3). They make equally general assertions that "the parties have concluded that the factual and legal disputes at issue militate in favor of settlement because of the uncertainties and expense associated with proceeding to trial." (*Id.* at 4). The Undersigned finds that these general assertions are not materially different from the assertions Plaintiff previously made (*see* Doc. 55 at 2-3) and the District Judge rejected as insufficient (*see* Doc. 57 at 2).

Accordingly, the parties have failed to explain or to reconcile adequately the difference between the amount of damages alleged in the pleadings and in Plaintiff's answers to interrogatories versus the lower settlement amount to be paid to Plaintiff. The Court should, therefore, decline to approve the proposed settlement.

**B.     The Parties Fail to Explain What Portion of the Settlement Is Allocated to Unpaid Wages or Liquidated Damages, If Any.**

The parties' motion states that "[t]he Settlement provides for the payment, over time, of $2,000.00 to the Plaintiff, a [sic] and the payment of $6,000.00 in attorney's fees and costs to Plaintiff's counsel." (Doc. 71 at 3). The motion is not clear whether all or part of the $2,000.00 settlement amount to be paid to Plaintiff is attributable to unpaid wages or liquidated damages.

The settlement agreement itself provides "Payment of [$2,000.00] to be paid to [Plaintiff] *as overtime wages*, and the payment of [$6,000.00] to [Plaintiff's counsel] for attorney fees and costs, for a total payment of $8,000.00" to be paid pursuant to an agreed-upon schedule. (Doc. 71 at ECF p. 7 ¶ 4 (emphasis added)). On the face of the settlement agreement, therefore, it would appear that the $2,000.00 payment to Plaintiff is solely attributable to unpaid wages, with no provision made for the payment of liquidated damages.

6

Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violated the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." (Emphasis added). A court may – in its discretion – reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008). Thus, when a settlement occurs in a FLSA case, the Court must review the amount of unpaid wages paid and the amount of liquidated damages paid, if any, for reasonableness and fairness. If liquidated damages are not included, then the Court must be informed of and review the proffered reasons why.

Here, the parties failed to indicate clearly what portion of this amount is allocated to unpaid wages and what portion, if any, is allocated to liquidated damages. In fact, the parties' motion and the settlement agreement are entirely silent on the issue of liquidated damages. For this Court to approve any proposed settlement, the parties must directly address the issue of liquidated damages. Otherwise, the Court can only speculate as to the parties' intentions.

If the payment amount to Plaintiff of $2,000.00 is not equally divided between unpaid wages and liquidated damages, then the parties must provide justification for the Court to waive the requirement of liquidated damages under the FLSA. Until the parties have addressed these issues fully, the Undersigned finds that the Court cannot adequately review the proposed settlement for fairness and reasonableness.

## C.   The Parties Fail to Explain Why Mutual General Releases Are Fair and Reasonable in this Case.

The parties' latest settlement agreement tendered to the Court for approval contains mutual general releases. (Doc. 71 at ECF pp. 7-8 ¶ 6(a)-(b)).

For his part, Plaintiff provides the following general release:

> Erling does for himself and his heirs, personal representatives, successors, assigns, trustees and legal representatives, hereby release and forever discharge American Grille with Sushi, LLC, and Christopher K. Whitaker, and each of their respective successors, assigns and representatives, including but not limited to their respective representatives, officers, managers, directors, subsidiary companies, independent contractors, affiliated companies, parent corporations, employees, partners, agents, principals, shareholders, members and attorneys, and each of them, past, present or future (the "Defendant Released Parties"), of and from any and all actions, claims, causes, causes of action, suits, debts, dues, monetary claims, demands, rights, damages, costs, expenses, accounts, covenants, contracts, controversies. agreements, promises, obligations or liabilities of any kind or nature and compensation whatsoever whether known or unknown, fixed or contingent, whether at law or in equity, or otherwise (including any claims for damages, interest, fees and/or attorneys' fees), which Erling ever had, now has, or which any personal representative, successor, assign, trustee, legal or representative or heir of Erling hereafter shall or may have, for, upon or by reason of any matter, cause or thing whatsoever at any time prior to and including the Effective Date of this Agreement, against all or any of the Defendant Released Parties. Such releases include without limitation, any claim, action or cause of action that any of the Defendant Released Parties violated any federal, state or local law, ordinance or regulation, including but not limited to any claim for wages and/or penalties under the Florida Labor Regulations, the Fair labor Standards Act, or claim to entitlement to any pay. For the purpose of implementing a full and complete release, Erling expressly acknowledges that the release given in this Agreement is intended to include in its effect, without limitation, actions that he did not know or suspect at the time of execution hereof, regardless of whether the knowledge of such actions, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under this Agreement is also for the release of those actions and contemplates the extinguishment of any such unknown actions.

(Doc. 71 at ECF pp. 7-8 ¶ 6(a)).

For their part, Defendants provide the following general release:

> American Grille with Sushi, LLC, and Whitaker, do for themselves and their heirs, personal representatives, successors, assigns, trustees and legal representatives, hereby release and forever discharge Erling, and his respective successors, assigns

8

>and representatives, including but not limited to their respective representatives, officers, managers, directors, subsidiary companies, independent contractors, affiliated companies, parent corporations, employees, partners, agents, principals, shareholders, members and attorneys, and each of them, past, present or future (the "Erling Released Parties"), of and from any and all actions, claims, causes, causes of action, suits, debts, dues, sums of moneys, demands, rights, damages, costs, expenses, accounts, covenants, contracts, controversies, agreements, promises, obligations or liabilities of any kind or nature and compensation whatsoever whether known or unknown, fixed or contingent, whether at law or in equity, or otherwise (including any claims for damages, interest, fees and/or attorneys' fees), which American Grille with Sushi, LLC, and Whitaker ever had, now have, or which any personal representative, successor, assign, trustee, legal or representative or heir of American Grille with Sushi, LLC, and Whitaker, hereafter shall or may have, for, upon or by reason of any matter, cause or thing whatsoever from at any time prior to the Effective Date of this Agreement, against Erling.

(*Id.* at ECF p. 8 ¶ 6(b)).

The *Lynn's Food* analysis also necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). The valuation of unknown claims is a "fundamental impediment" to a fairness determination. *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). The Court typically "cannot determine, within any reasonable degree of certainty, the expected value of such claims." *Shearer*, 2015 WL 2402450, at *3. Thus, the task of determining adequate consideration for forgone claims is "difficult if not impossible." *Id.* (citation omitted).

Additionally, this Court has found that general releases in FLSA cases are often unfair to plaintiffs. *See Moreno*, 729 F. Supp. 2d at 1351. Specifically, "[a]lthough inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Id.* The Court has found that "a

pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Id.* at 1352.

Notwithstanding this line of cases, however, other jurists have approved non-cash concessions in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Buntin v. Square Foot Mgmt. Co., LLC*, No. 6:14-CV-1394-ORL-37, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015). This Court has approved general releases in FLSA cases when such releases are mutual and, thus, confer a benefit on the Plaintiff. *Holding v. AMS, Inc.*, No. 2:17-CV-623-FTM-99CM, 2018 WL 4898837, at *3 (M.D. Fla. Oct. 5, 2018), *report and recommendation adopted*, No. 2:17-CV-623-FTM-99CM, 2018 WL 4898836 (M.D. Fla. Oct. 9, 2018).

The problem here is that the parties' motion fails to explain why mutual general releases are fair and reasonable under the circumstances of this case. In prior filings, the Plaintiff has alluded to accusations by Defendants that Plaintiff stole liquor and other alcoholic beverages from the Defendants, and that these accusations informed his business decision to settle the case. (*See* Doc. 58 at 2; Doc. 59 at 2). It is certainly possible, therefore, that the reciprocal nature of the negotiated releases benefit Plaintiff by eliminating the risk of exposure to such accusations and/or claims by Defendants. The parties make no effort to explain this in the motion *sub judice*, however, and the Court should not be left to speculate as to reason(s) why mutual general releases are fair and reasonable in this case.

Accordingly, the Court should decline to approve the proposed settlement until the parties adequately explain why the Court should deem the mutual general releases fair and reasonable under the facts of this case.

**D.     The Parties Provide No Justification for the Court to Retain Jurisdiction.**

Finally, the parties' motion requests that the Court retain jurisdiction indefinitely to enforce the terms of the parties' settlement. (Doc. 71 at 4). The settlement agreement also provides that "[t]he Parties hereby agree that the Court will retain jurisdiction to acknowledge and enforce the terms and conditions of this Agreement." (Doc. 71 at ECF p. 9 ¶ 16).

The parties do not provide any justification for the Court to retain jurisdiction in this case. The Undersigned is not inclined to recommend that the Court retain jurisdiction for any period of time absent an articulation of independent jurisdiction or compelling circumstances. *See King v. Wells Fargo Home Mortg.*, No. 2:08-CV-307-FTM-29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009) (Steele, J.).

## CONCLUSION

For the foregoing reasons, this Court cannot make the requisite determination under *Lynn's Food* as to the fairness and reasonableness of the proposed settlement. Nor does there appear to be any justification that the Court retain jurisdiction indefinitely (or for any period of time) in this case.

Accordingly, **IT IS RESPECTFULLY RECOMMENDED** that:

1)     The Revised Joint Motion for Approval of FLSA Settlement and to Dismiss the Case with Prejudice (Doc. 71) be **DENIED** without prejudice; and

2)     The parties be ordered to elect one of the following options by an appropriate deadline to be selected by the presiding District Judge:

　　　a.     File an amended joint motion to approve a settlement agreement that

     *adequately* addresses *all* the issues identified herein; or

   b. File a notice advising the Court that they wish to proceed to trial.

Respectfully recommended in Chambers in Fort Myers, Florida on July 1, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties