UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD ERLING, on behalf of himself and
others similarly situated,

    Plaintiff,

v.                                                 Case No.:   2:17-cv-350-FtM-29MRM

AMERICAN GRILLE WITH SUSHI LLC
and CHRIS K. WHITAKER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The parties filed a Third Amended Joint Motion to Approve Settlement on July 29, 2019. (Doc. 77). In this latest bid to convince the Court to dismiss this Fair Labor Standards Act ("FLSA") case following a putative settlement of the wage and retaliation claims, the parties essentially ask the Court to accept counsel's unsworn representations concerning the settlement, deem the case to be resolved without compromise of Plaintiff's FLSA claims, and forgo judicial approval of the settlement altogether because, they aver, judicial approval is not required. (*See id.*).

The procedural history of this case is lengthy, but not complex. Because the presiding United States District Judge is undoubtedly very familiar with the merry-go-round motions, reports and recommendations, and orders that have led to this point, the Undersigned will not waste time recounting those procedural details here. (*See* Docs. 42, 44, 47-49, 52-62, 71, 74-76, 77). Suffice it to say that the District Judge's Opinion and Order dated July 18, 2019 agreed with the Undersigned's assessment that judicial approval of the settlement in this case was required and that approval was not appropriate given the deficiencies the Undersigned noted in the latest

iteration of the proposed settlement (*see* Doc. 75) and, thus, the District Judge ordered as follows:

> The parties' Revised Joint Motion for Approval of FLSA Settlement and to Dismiss the Case With Prejudice (Doc. #71) is **DENIED** without prejudice to filing an amended revised joint motion that addresses the issues raised, or a notice that the parties will proceed with trial, **on or before July 30, 2019. The Court is not inclined to entertain another motion unless all issues are adequately addressed.**

(Doc. 76 at 3 (original typeface)).

Unfortunately, the parties have willfully ignored the presiding District Judge's warnings, admonitions, and instructions. Instead of adequately addressing the issues previously noted by the Court, the parties attempt to back-peddle and argue in their 2-page joint motion that court approval of the settlement is not required because:

> 2. Even if Plaintiff were exempt, his damages would be minimal. Plaintiff's time sheets reveal a rate of pay of $15.00 per hour. Plaintiff worked 32.5 hours which could be considered overtime. When multiplied by the applicable half-time rate, given that Plaintiff was already paid straight-time for these hours, the amount of overtime wages which could potentially be owed is $243.75. Accounting for potential liquidated damages, the maximum damages Plaintiff could recover for those hours is $487.50.
>
> 3. Counsel for Defendant took Plaintiff's deposition on December 20, 2019. At that deposition, Plaintiff reviewed his time sheets and realized that he only sought compensation for approximately ten hours of overtime while working for Defendant. In light of that testimony, and when calculated with his regular rate of pay, the total potential damages Plaintiff could recover for those hours, including liquidated damages, came out to approximately $487.50. As such, the potential damages Plaintiff could potentially be awarded is $975.00 and the amount settled for more than compensates Plaintiff for any damages he would have recovered in this case.

>    4.   In light of the above, Plaintiff has received full compensation for any potential overtime wages owed and no compromise is involved. . . .

(Doc. 77 at 1-2). Despite this explanation, the parties incongruously titled their filing a Third Amended Joint Motion *to Approve Settlement* and they included a prayer that the Court grant the motion as titled. (Doc. 77 at 1, 2)

In short, the parties' explanation and meager 2-page motion fail to address all of the issues previously noted by the Undersigned with regard to the proposed settlement (*see* Doc. 75); issues the presiding District Judge agreed precluded approval of the settlement (*see* Doc. 76). Moreover, the parties' attempt to circumvent court approval of the settlement ignores the facts that: (1) the presiding District Judge previously *rejected* unsworn representations of counsel and Plaintiff concerning the justifications for the lesser amount to be paid to Plaintiff in settlement as contrasted with the higher demand contained in the pleadings and in sworn answers to court interrogatories (*see* Docs. 54 at 2-4, Doc. 57, Doc. 61); and (2) the parties previously filed the operative settlement agreement containing at least one significant non-cash concession by the Plaintiff – *i.e.*, a mutual general release that includes more than just the FLSA wage and retaliation claims asserted in this action – that the Court cannot pretend to un-see merely because the parties now deny that court approval of the settlement is necessary. (*See* Doc. 75 8-11). Even if the Court were to accept the parties' unsworn representations regarding the fairness and reasonableness of the monetary terms of the settlement, court approval would still be elusive because the parties fail to explain why the Court should find the mutual general release to be fair, reasonable, and supported by adequate consideration. (*See id.*).

For these reasons, the Undersigned finds that the parties' latest motion should fare no better than the previous failed motions and, thus, should be denied and the case should be placed back on the presiding District Judge's trial calendar.

The Undersigned respectfully **RECOMMENDS**, therefore, that:

1) The parties' Third Amended Joint Motion to Approve Settlement (Doc. 77) be **DENIED**; and

2) This case be placed back on the presiding District Judge's trial calendar for a final pretrial conference and trial.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 30, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties